IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>STEPHEN FOY<br><br>Defendant. | ORDER DENYING MOTION TO DISMISS INDICTMENT<br><br><br><br><br>Case No. 1:07-CR-57 DB |

On May 16, 2007, the grand jury returned an indictment charging the defendant, Stephen Foy, with violating 18 U.S.C. § 2251, Production of Child Pornography.  On September 6, 2007, Defendant filed a motion to dismiss the indictment for lack of jurisdiction raising four arguments: (1) the statute is facially invalid and exceeds Congress' authority under the Commerce Clause; (2) the statute is unconstitutional as applied to him; (3) the statute violates his Equal Protection Rights; and (4) the term "materials" as used in the statute is impermissibly vague.

Defendant's first two arguments, based on the Commerce Clause, are foreclosed by Tenth Circuit precedent.  In United States v. Jeronimo-Bautista, 425 F.3d 1266 (10th Cir. 2005), cert. denied, 547 U.S. 1069 (2006), the Tenth Circuit squarely held that Congress properly exercised its regulatory powers under the Commerce Clause when it passed 18 U.S.C. § 2251.

The Tenth Circuit explained, "Congress' prohibition against the intrastate possession or manufacture of child pornography 'is a rational (and commonly utilized) means of regulating commerce in that product.'"  Id. at 1271 (quoting Gonzalez v. Raich, 545 U.S. 1, 26 (2005)). This is so, the court noted, because "the intrastate production of child pornography could, in the aggregate, have a substantial effect on the interstate market for such materials," thus affecting the supply and demand balance nationwide.  Id. at 1272.  Accordingly, the Tenth Circuit concluded that Congress' decision to deem illegal even the local production of child pornography "represents a rational determination that such local activities constitute an essential part of the interstate market for child pornography that is well within [its] power to regulate."  Id. at 1273; see also United States v. Grimmett, 439 F.3d 1263, 1272-73 (10th Cir. 2006) (relying on Raich and Jeronimo-Bautista to reject facial and as-applied challenges to 18 U.S.C. § 2251). Until and unless the Tenth Circuit or the United States Supreme Court indicates otherwise, this Court is bound by this precedent.

Defendant's remaining arguments–that the statute violates equal protection and is impermissibly vague–are denied for the reasons set forth in the government's response to the motion to dismiss.

It is so ordered.

Dated this 14th day of January, 2008.

 

Dee Benson
United States District Judge